On November 8, 1988, appellant entered pleas of guilty to two counts of rape (R.C. 2907.02) and one count of illegal use of a minor in nudity-oriented material (R.C. 2907.323). The Perry County Common Pleas Court sentenced appellant to five to twenty-five years on each rape conviction, to be served concurrently, and a sentence of two to fifteen years incarceration on the remaining charge.
Following the enactment of R.C. Chapter 2950, Ohio's version of Megan's Law, the warden of the institution where appellant was incarcerated recommended that appellant be adjudicated as a sexual predator. Following a hearing on the recommendation, the court found appellant to be a sexual predator. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 WHETHER COURT'S FINDING THAT APPELLANT IS A "SEXUAL PREDATOR" IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279; State v.Albaugh (February 1, 1999), Stark App. No. 1997CA00222, unreported.
A "sexual predator' is statutorily defined as a person who has been convicted of a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). In determining whether an individual is a sexual predator as defined by statute, the court is to consider the following factors: entire body. Appellant admitted that he placed his mouth on her breast and vagina, and inserted his penis to her mouth.
Appellant admitted that he took a picture of one of the victims naked, sitting on the edge of the bath tub, with her legs spread. This admission gave rise to the charge of illegal use of a minor in nudity-oriented material.
Appellant admitted that he played strip poker with one of the victims, and then engaged in sexual intercourse with her. Appellant also admitted to touching his daughter all over her body, after she had disrobed.
Appellant argues that the State did not meet its burden of demonstrating that he was likely to re-offend in the future, as the sole witness for the State admitted that he could not express an opinion concerning appellant's likelihood to re-offend, based on facts arising since his incarceration. However, the statute does not require expert testimony on the issue of the likelihood to re-offend. Rather, the statute sets forth factors, listed above, from which the court may make the determination. In the instant case, the convictions arose from three separate incidents. All the victims were under the age of thirteen, and one of the victims was appellant's own daughter.
The judgment is not against the manifest weight of the evidence. The assignment of error is overruled.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Perry County Common Pleas Court is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES